# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:   ORBIT PETROLEUM, INC.,                                  No. 11-08-10408 MA

Debtor.

## ORDER DENYING MOTION TO DISMISS OR CONVERT

THIS MATTER is before the Court on the Motion to Dismiss or Convert filed by claimants, Tipton Enterprises, Inc., Jerel Tipton, Clay Tipton, Ryan Tipton, Chase Tipton, Tipton Oil & Gas Acquisitions, Inc., TOGA Well Services, Inc., Gilvert Lease Services, Inc. and Black Rock Transportation, Inc. (together, "Tipton Claimants"), by and through their counsel, Louis Puccini, Jr.  The Motion to Dismiss or Convert states that Patriot Pipe & Supply, Inc. ("Patriot") joined in the Motion to Dismiss or Convert, but counsel has not entered an appearance on behalf of Patriot.  (*See* Docket # 59 and Docket # 60).  The Court held a final hearing on July 30, 2008, continued the hearing on August 21, 2008, and took the matter under advisement.   Based on the evidence presented at the final hearing and on the record of this proceeding, including the Debtor's proposed Chapter 11 Plan and Disclosure Statement filed August 20, 2008, the Court finds that there is a reasonable likelihood that a plan will be confirmed within a reasonable time such that conversion or dismissal is not in the best interests of creditors and the estate.   The Court will, therefore, deny the Motion to Dismiss or Convert and in connection therewith FINDS:

1. Orbit Petroleum, Inc. ("Orbit" or "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on February 21, 2008.   The amendments to the Bankruptcy Code contained in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") apply to this proceeding.

2. Orbit is not a small business as defined in 11 U.S.C. § 101(51D).

3. Tipton Claimants filed their Motion to Dismiss on May 22, 2008, alleging the following deficiencies as cause for dismissal or conversion under 11 U.S.C. § 1112(b): 1) failure to file monthly operating reports; 2) failure to file United States trustee reports and failure to pay United States trustee's fees; 3) failure to make payments due to secured creditors; 4) substantial and continuing losses and diminution of the bankruptcy estate and the absence of a reasonable likelihood of rehabilitation; 4) declining production due to insufficient cash flow; and 5) inability to reorganize.

4. Debtor has since filed monthly operating reports for the months of March through July 2008. The August monthly operating report has not been filed, but is not due until September 15, 2008.

5. Debtor has paid United States trustee's fees. *See* July 2008 Monthly Operating Report (Docket # 140).

6. Debtor filed a plan of reorganization and disclosure statement on August 20, 2008. (*See* Docket # 138 and Docket # 139).

7. The Disclosure Statement is currently out on notice for objections. Objections are due by September 26, 2008, and a final hearing on the Disclosure Statement is set for October 6, 2008. (*See* Order and Notice of Hearing on Disclosure Statement Docket # 149).

8. The Monthly Operating reports reflect that Orbit is losing money. *See* June 2008 Monthly Operating Report, reflecting negative net cash flow of $22,000.00. (Docket # 1256); July 2008 Monthly Operating Report, reflecting negative net cash flow of $2,171.00 (Docket # 140).

2

9. Production on the Debtor's wells is down. *See* Exhibit 6, reflecting declining production form January through June 2008.

10. For the months of February and March 2008, the Debtor owes the following severance taxes to the New Mexico Taxation and Revenue Department based on production: $19,436.63 for February 2008; and $372.01 for March 2008. *Testimony of Joan Ishimoto.* Since March 2008, the Debtor has remained current. *Id.*

11. The Debtor's proposed plan of reorganization calls for a capital infusion of $7,000,000.00 which will be used to pay all creditors in full as of the effective date of the plan. *See* Plan of Reorganization, pp. 5 and 9, ¶ 4.1 ("On the Effective Date the Debtors [sic.] shall pay in cash in full each class proposed to be paid at confirmation.")("This Plan is a re-capitalization Plan. . . the Debtor will enter into a loan agreement with its parent company . . . for the loan of $7,000,000 in cash . . . . Upon the Effective Date the funds will be distributed to the claimants pursuant to the Plan . . .").

12. There appear to be some issues concerning compliance with the regulations of the Oil Conservation Division ("OCD")[1], a division of the Energy Minerals and Natural Resources Department of New Mexico, including compliance with certain bonding requirements. Gail MacQuesten, the attorney who represents the OCD, testified that the Debtor is not in compliance with an Agreed Compliance Order the Debtor entered into with the OCD.

13. BAPCPA amended 11 U.S.C. § 1112(b) which governs motions to dismiss or convert. That section now provides:

---

[1]The OCD regulates oil, gas, and geothermal activity in New Mexico.

> Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1).

The amendments to 11 U.S.C. § 1112(b) restrict the Court's discretion, but the Court still enjoys some degree of discretion to deny the relief requested. *See In re Franmar, Inc.,* 361 B.R. 170, 180 (Bankr.D.Colo. 2006)("[S]ection 1112(b) still provides the court with some discretion to grant or deny the relief requested.")(citations omitted); *In re Gateway Access Solutions, Inc.,* 374 B.R. 556, 560 (Bankr.M.D.Pa. 2007)("The amendments to § 1112 limit the Court's discretion to refuse to dismiss or convert a Chapter 11 case upon a finding of cause.")(citations omitted).

14. "Cause" sufficient for conversion or dismissal is enumerated in a non-exclusive list contained in 11 U.S.C. § 1112(b)(4), and includes the following: 1) "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation"; and 2) "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter."  11 U.S.C. § 1112(b)(4)(A) and (E); *In re AmeriCERT, Inc.,* 360 B.R. 398, 401 (Bankr.D.N.H. 2007)("The list [contained in § 1112(b)(4)] is not exhaustive, and a case may be dismissed for other causes, such as bad faith or if the petition does not serve a bankruptcy purpose.")(citations omitted).

15. "Cause" exists to dismiss or convert the Debtor's case under 11 U.S.C. § 1112(b). The Monthly Operating reports reflect that the Debtor is losing money. The Debtor admitted that its oil production is down.  *See also,* Exhibit 6.  Debtor's proposed plan of reorganization does

4

not propose to rehabilitate the Debtor and continue operating; rather it proposes a recapitalization for the purpose of paying existing creditors in full. All shares of the Debtor will be cancelled, and its remaining assets will revert to its parent company. *See* Plan of Reorganization, ¶ 4.1. Thus, there is no demonstration or intent on the part of the Debtor to rehabilitate itself through reorganization and continued operations.

      16. Once "cause" has been demonstrated, the Court must convert or dismiss, unless the Court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). However, absent unusual circumstances, the Court must *not* convert or dismiss a case if (1) there is a reasonable likelihood that a plan will be confirmed within a reasonable time, (2) the "cause" for dismissal or conversion is something other than a continuing loss or diminution of the estate coupled with a lack of reasonable likelihood of rehabilitation; and (3) there is reasonable justification or excuse for a debtor's act or omission and the act or omission will be cured within a reasonable time. 11 U.S.C. § 1112(b)(2)[2]; 7 Collier on Bankruptcy ¶ 1112.04[1] (Alan N. Resnick and Henry J.

---

[2]Section 1112(b)(2) provides:
>The relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interest of creditors and the estate, if the debtor or another party in interest objects and establishes that --
>>(A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e)* and 1129(e)* of this title, or if such sections do not apply, within a reasonable time; and
>>(B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) --
>>>(i) for which there exists a reasonable justification for the act or omission; and
>>>(ii) that will be cured within a reasonable period of time fixed by the court.

5

Sommer, eds., 15th ed. rev. 2008).

17. The code does not define "unusual circumstances" within the meaning of 11 U.S.C. § 1112(b). *See Gateway Access,* 374 B.R. at 560 (acknowledging that the statute does not define "unusual circumstances"); *In re Fisher,* No. 07-61338-11, 2008 WL 1775123, at *5 (Bankr.D.Mont. April 15, 2008)("'Although section 1112(b) does not define the phrase 'unusual circumstances,' it clearly contemplates conditions that are not common in most chapter 11 cases.'")(quoting 7 Collier on Bankruptcy, ¶ 1112.04[3], p. 1112-26 (15th ed.rev.)). Nevertheless, "the import of section 1112(b) is that, if cause exists, the case should be converted or dismissed unless unusual facts or circumstances demonstrate that the purposes of chapter 11 would be better served by maintaining the case as a chapter 11 proceeding." 7 Collier on Bankruptcy ¶ 1112.04[3], p. 1112-26 (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2008).

18. In this case, because a plan has been filed which purports to pay all creditors in full as of the effective date of the plan, neither conversion nor dismissal is in the best interest of the creditors and the estate. A plan which proposes to pay all creditors in full on the effective date is an unusual circumstance sufficient to deny conversion or dismissal even in the face of demonstrated cause. Creditors and the estate will be far better off if the plan is confirmed than if the case were dismissed or converted. By affording the Debtor an opportunity to confirm a plan that proposes to pay all creditors in full, the purposes of the bankruptcy code to encourage

---

11 U.S.C. § 1112(b)(2).
*The timeframes contained in 11 U.S.C. § 1121(e) and 11 U.S.C. § 1129(e) pertain to small businesses and are, therefore, not applicable to this proceeding.

6

financial restructuring and facilitate payments to creditors is furthered.[3]  And given that the final hearing on the Debtor's Disclosure Statement is not scheduled until October 6, 2008, the Court finds that a reasonable time within which to confirm the Debtor's plan is approximately four months thereafter, until February 27, 2009.

19.  In the event a plan is not confirmed by February 27, 2009, the Court finds that dismissal, rather than conversion or the appointment of a chapter 11 trustee or examiner is in the best interest of creditors and the estate.[4]   The testimony of Gail MacQuesten indicates that there may be compliance issues with the OCD as well as possible environmental issues.  Given these possible issues, the appointment of a trustee upon conversion to Chapter 7 or the appointment of a chapter 11 trustee or examiner would further complicate rather than facilitate a swift resolution.  Dismissal, rather than conversion or the appointment of a chapter 11 examiner or trustee, is in the best interest of creditors and the estate.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Dismiss or Convert is DENIED, contingent upon Debtor's confirmation of its plan no later than February 27, 2009.

---

[3] *See AmeriCERT,* 360 B.R. at 401 ("The purpose of the Bankruptcy Code is essentially (1) to encourage financial restructuring and (2) payments to creditors, while (3) preserving jobs and (4) shareholder interests.")(citing *In re Gonic Realty Trust, Inc.* 909 F.2d 624, 627 (1st Cir. 1990)).

[4] Section 1112(b)(1) provides that, upon a showing of cause, the court must dismiss or convert the cause, "[e]xcept as provided in . . . section 1104(a)(3). . ." 11 U.S.C. § 1112(b)(1). Section 1104(a)(3) provides that the "court shall order the appointment of a trustee . . . if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1104(a)(3).

7

ORDERED FURTHER, that if no plan is confirmed by February 27, 2009, the Court will DISMISS this case.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

Date entered on docket: September 5, 2008

COPY TO:

Daniel J. Behles
Attorney for Debtor
7770 Jefferson NE, Suite 305
Albuquerque, NM 87109
Albuquerque, NM 87190

Louis Puccini, Jr.
Attorney for Tipton Oil & Gas Company
PO Box 30707
Albuquerque, NM 87190-0707

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103

8